## UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JOSE UDERRA,** | : | **CIVIL NO. 3:24-CV-606** |
| | : | |
| **Plaintiff,** | : | **(Judge Mehalchick)** |
| | : | |
| **v.** | : | **(Magistrate Judge Carlson)** |
| | : | |
| | : | |
| **JOHN WETZEL, et al.,** | : | |
| | : | |
| **Defendants** | : | |

## <u>MEMORANDUM AND ORDER</u>

This matter comes before the Court on a request to appoint counsel for the plaintiff, a *pro se* litigant. (Doc. 203). While we appreciate the plaintiff's on-going interest in securing court-appointed counsel, we also recognize that there is neither a constitutional nor a statutory right to counsel for civil litigants. <u>Parham v. Johnson</u>, 126 F.3d 454, 456-57 (3d Cir. 1997); <u>Tabron v. Grace</u>, 6 F.3d 147, 153 (3d Cir. 1993). Instead, 28 U.S.C. § 1915(e)(1) simply provides that "[t]he court may request an attorney to represent any person unable to employ counsel." Under §1915(e)(1), a district court's appointment of counsel is discretionary and must be made on a case-by-case basis. <u>Tabron</u>, 6 F.3d at 157-58. In <u>Parham</u>, the United States Court of Appeals outlined the standards to be considered by courts when

1

reviewing an application to appoint counsel pursuant to 28 U.S.C. § 1915(e)(1). In

passing on such requests we must first:

> [D]etermine[] that the plaintiff's claim has some merit, then [we] should consider the following factors: (1) the plaintiff's ability to present his or her own case; (2) the complexity of the legal issues; (3) the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation; (4) the amount a case is likely to turn on credibility determinations; (5) whether the case will require the testimony of expert witnesses; [and] (6) whether the plaintiff can attain and afford counsel on his own behalf.

Parham v. Johnson, 126 F.3d at 457.   There is yet another practical consideration

which must be taken into account when considering motions for appointment of

counsel. As the United States Court of Appeals for the Third Circuit has aptly

observed:

> Finally, in addressing this issue, we must take note of the significant practical restraints on the district courts' ability to appoint counsel: the ever-growing number of prisoner civil rights actions filed each year in the federal courts; the lack of funding to pay appointed counsel; and the limited supply of competent lawyers who are willing to undertake such representation without compensation. We have no doubt that there are many cases in which district courts seek to appoint counsel but there is simply none willing to accept appointment. It is difficult to fault a district court that denies a request for appointment under such circumstances.

Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993). Mindful of this consideration it has

been emphasized that volunteer lawyer time is extremely valuable. Hence, district

courts should not request counsel under § 1915(d) indiscriminately. As the Court of

Appeals for the Second Circuit has warned: "Volunteer lawyer time is a precious commodity. . ..  Because this resource is available in only limited quantity, every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause. We cannot afford that waste." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989); Tabron v. Grace, 6 F.3d 147, 157 (3d Cir. 1993).

In this case our analysis of these factors leads us to conclude that counsel should not be appointed in this case at the present time. At the outset, appointment of counsel would be premature since the district court has not had the opportunity to further consider the threshold factor it must examine: the arguable merits of the plaintiff's remaining claims. In any event, the issues in this case appear to be discrete and well-known to the plaintiff. Moreover, the plaintiff has thus far shown the ability to litigate his claims.

Taking all of these factors into account we DENY this request to appoint counsel (Doc. 203), at this time without prejudice to re-examining this issue at the request of the plaintiff, or *sua sponte*, as this litigation progresses.

3

SO ORDERED, this 8th day of July 2024.

_S/Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge