UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE UDERRA,<br><br>            Plaintiff<br><br>   v.<br><br>JOHN WETZEL, et al.,<br><br>            Defendants. | CIVIL ACTION NO. 3:24-CV-00606<br><br>(MEHALCHICK, J.) |

### ORDER

This is a *pro se* civil rights action originally initiated by Plaintiffs Jose Uderra ("Uderra") and six other inmates on October 26, 2021 through the filing of a complaint. (Doc. 1). On April 4, 2024, the undersigned adopted the report of Magistrate Judge Martin C. Carlson recommending that the claims of Uderra and the additional plaintiffs be severed. (Doc. 172; Doc. 192). Thereafter, Uderra was, for the first time, the litigator of his own claims. (Doc. 218, at 4). In this capacity, Uderra filed the present motion to transfer his case to the United States District Court for the Eastern District of Pennsylvania. (Doc. 215). In his motion, Uderra noted twenty-five similar cases in the Eastern District that have been consolidated and have had counsel appointed the assist the lead plaintiff in those cases. On March 17, 2025, Magistrate Judge Carlson issued a report and recommendation ("the Report") recommending that Uderra's motion to transfer be granted because "the balance of legal, factual, practical, and equitable considerations weighs in favor of the transfer to this case to the venue where a substantial portion of these alleged constitutional torts occurred." (Doc. 218, at 9). Meanwhile, this matter has been stayed since October 30, 2024 (Doc. 210) pending the disposition of the United States Supreme Court on the Writ of Certiorari in *John Wetzel, et al. v. Roy L. Williams*, United States Supreme Court Docket No. 24-1067. On May

27, 2025, Uderra filed a motion to lift the stay (Doc. 221), and on June 3, 2025, Magistrate Judge Carlson lifted the stay solely for the purpose of allowing this Court to address the pending motion to transfer. (Doc. 224).

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. Adv. Comm. Note Rule 72(b).

While no objections have been filed to the Report, and the deadline to file objections expired on March 31, 2025, Defendants did file a brief in opposition to Plaintiff's motion to lift the stay, and in that motion, they argue against the lifting of the stay, but also oppose the

2

transfer of this matter to the District Court for the Eastern District of Pennsylvania. (Doc. 223). Specifically, Defendants argue that transfer of this matter is inappropriate, as the cases in the Eastern District are in a different procedural posture, and further that just because the other cases in the Eastern District have not requested a stay, that does not mean the request will not be made.

The Court agrees with the sound reasoning in Magistrate Judge Carlson's Report and finds no clear error on the face of the record. (Doc. 218). As noted by Magistrate Judge Carlson, change of venue requests are governed by 28 U.S.C. § 1404(a), and district courts are vested with broad discretion to determine whether convenience and fairness considerations weigh in favor of transfer. *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 883 (3d Cir. 1995). Those considerations include both private and public interests related to the claim, plaintiff's choice of forum, convenience to the parties, and practical and administrative considerations. *Jumara*, 55 F.3d at 879-80. Magistrate Judge Carlson concluded that the balance of the factors weighs strongly in favor of granting Uderra's transfer request, and this Court agrees. Venue is proper in the Eastern District of Pennsylvania, and many of the matters of which Uderra complained occurred in institutions that lie within the venue of the Eastern District of Pennsylvania. Further, as Magistrate Judge determined, other factors also favor transfer of this case, including the convenience of witnesses and access to records in the Eastern District of Pennsylvania, along with the appointment of counsel in the Eastern District of Pennsylvania matters. As Magistrate Judge Carlson concluded, "[i]n sum, the balance of legal, factual, practical, and equitable considerations weighs in favor of the transfer to this case to the venue where a substantial portion of these alleged constitutional torts occurred, the United States District Court for the Eastern District of Pennsylvania." (Doc. 218).

For these reasons, the Report of Magistrate Judge Carlson (Doc. 218) is **ADOPTED IN ITS ENTIRETY** as the decision of the Court. Uderra's complaint shall be transferred to the United States District Court for the Eastern District of Pennsylvania.

                                                                                                      BY THE COURT:

**Date: June 16, 2025**                                                         *s/ Karoline Mehalchick*
                                                                               **KAROLINE MEHALCHICK**
                                                                               **United States District Judge**